UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BANK OF THE WEST, as assignee of GANIS
CORPORATION,

                    Plaintiff,

    -against-

M/V NEVER SAY NEVER, her engines, tackle,
apparel, appurtenances, etc., having Official No.
587514 and Hull Serial No. 47304m77, *in rem*; and
SANTO SILLARO, *in personam*,

                    Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-6004 (FB) (SMG)

*Appearances*
| *For the Plaintiff:* | *For the Defendants*: |
|---|---|
| STEVEN C. TAITZ, ESQ. | JACK A. GREENBAUM, ESQ. |
| Roe Wallace Esteve Taroff & Taitz LLP | Blank Rome LLP |
| P.O. Box 352 | 405 Lexington Avenue |
| 31 Oak Street | New York, NY 10174 |
| Patchogue, NY 11772 | |

**BLOCK, Senior District Judge:**

        For the reasons stated in open court on September 26, 2007, summarized below, defendants' motion for summary judgment is denied and plaintiff's motion for foreclosure and sale of defendant M/V Never Say Never ("the Boat"), and for a deficiency judgment against defendant Santo Sillaro ("Sillaro"), the Boat's owner, is granted in part. The action arises from a Note and Mortgage, under the terms of which Sillaro financed the purchase of the Boat in 1992.

1

**I.     Default**

Plaintiff, Bank of the West ("the Bank"), was entitled to accelerate Note payments because it had good faith bases to believe that: (1) the Marina would jeopardize the Bank's interest in the Boat; (2) Sillaro's history of making late payments, coupled with the Marina debt, indicated that he would have difficulty making future payments; and (3) the Boat was "being run in debt," Compl., Ex. C (the Mortgage), each of which placed Sillaro in default. *See Schoolcraft v. Ross*, 146 Cal. Rptr. 57, 60 (Cal. Ct. App. 5th Dist. 1978) (requiring holder of note to have a good faith belief her security was impaired or that she would not receive future note payments prior to acceleration of payments).[1] The documentary evidence demonstrates that, prior to the commencement of this action, the Bank received an itemized invoice from the Marina reflecting that Sillaro owed $83,000 in storage fees, that the Marina had told the Bank it intended to place a storage lien on the boat, and that the Marina twice threatened to sell the Boat in order to recover its storage fee. The analysis does not change if Sillaro only owed $2,500 to the Marina. Contrary to defendants' argument, the Court need not determine whether defendants actually owed $83,000 to the Marina because the documentary evidence is sufficient to demonstrate a good faith basis for the Bank's state of mind; furthermore, neither the Note nor the Mortgage required the Bank to prove that the Marina actually had a lien in order to place defendants in default.

**II.    Acceleration**

---

[1] Pursuant to the parties' agreement contained in the Note, California law applies. *Port of Stockton v. Western Bulk Carrier KS*, 371 F.3d 1119, 1121 (9th Cir. 2004) ("Item 41 of the [contract] declares that California law governs the agreement, and we interpret the attorney's fee agreement according to the parties' stated choice-of-law preference.")

Under the terms of the Note, the Bank was not required to provide notice of acceleration prior to filing the complaint; nor does such a requirement exist under the law. *See Green v. Carlstrom*, 27 Cal. Rptr. 850, 852 (Cal. Ct. App. 4th Dist. 1963) (commencement of lawsuit without prior notice effectively accelerates note). Thus, the Bank properly accelerated the Note by filing the complaint in December of 2005. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Cal. Civ. Code § 411.10 (same).

At oral argument, defendants argued that the Bank repudiated acceleration, which invalidated the arrest of the Boat, when Kim Warnock ("Warnock"), acting on defendants' behalf, called the Bank to determine the amount due on the note through February 2006, and made a payment of $3,005, the amount she was told was due. This argument fails because there was no express agreement that the payment would waive defendants' default. *See Sellman v. Crosby*, 67 P.2d 706, 707 (Cal. Ct. App. 1st Dist. 1937) (after accelerating a note, "a creditor, at least in the absence of an express agreement to the contrary, may accept partial payments on the amount due without waiving the default as to the balance and without affecting his rights under the acceleration clause."). Defendants' reliance at oral argument on *In re Crystal Properties Ltd., L.P.*, 268 F.3d 743 (9th Cir. 2001) is inapposite because the Bank unequivocally accelerated the note payments by filing this action. Even, *arguendo*, if the Bank be deemed to have repudiated acceleration by requesting and accepting payment from Warnock, defendants were still in default at the time of the Boat's arrest by virtue of the debt owed to the Marina.

## III. Verification of Complaints

That the amended complaint was verified after the Boat's arrest does not deprive the Bank of *in rem* jurisdiction because the arrest warrant and order of attachment referenced the initial

3

complaint, which was duly verified; therefore, the Bank was entitled to arrest the Boat independent of the new count added in the amended complaint (that Sillaro failed to make his December 2005 and January 2006 payments), which was the only count in the amended complaint that had not been previously verified.

**IV.     Costs and Fees**

Because there is an express provision in the Note providing for payment of "all reasonable costs . . . incur[red] to collect this debt or realize on any security . . . includ[ing], unless prohibited by law, reasonable attorneys' fees," Compl., Ex. A (the Note), and the Bank has prevailed on the merits, the Bank may collect such fees and costs. *Gil v. Mansano*, 17 Cal. Rptr. 3d 420, 422-23 (Cal. Ct. App. 2d Dist. 2004)("[i]n any action on a contract, where the contract specifically provides that attorney[s] fees and costs, which are incurred to enforce that contract, shall be awarded . . . then the [prevailing party] . . . shall be entitled to reasonable attorney[s] fees in addition to other costs") (internal quotations omitted; *citing* Cal. Civ. Code § 1717).

Defendants have misconstrued California law in arguing that the recovery of legal costs are prohibited because a demand for payment was not made prior to the filing of the complaint: *Prescott v. Grady*, 27 P. 755 (Cal. 1891) and *All-West Design, Inc. v. Boozer*, 228 Cal. Rptr. 736 (Cal. Ct. App. 5th Dist. 1986) concern demand notes, where a demand is required because the payor cannot be said to have breached the agreement until demand for payment is made by the payee and the payor fails to make the payment as demanded; therefore, a cause of action for breach of the notes could not exist without a demand for payment prior to the filing of the complaints, *see Presscott*, 27 P. at 755-56; *Green v. Carlstrom*, 27 Cal. Rptr. 850 (Cal. Ct. App. 4th Dist. 1963) is similar because the court determined that the note in question should be treated like a demand note since the payor was not

4

informed that the note had been assigned to a new payee; thus he had no way of correctly making his note payment until after the filing of the complaint, s*ee* 27 Cal. Rptr. at 852-53.  Therefore, because the plaintiffs in those three cases could not have had a valid cause of action absent a demand for payment prior to the filing of the complaint, the courts refused to allow recovery of attorneys fees.  The same situation is not present here.

## CONCLUSION

The matter is referred to Magistrate Judge Gold for a determination of the remaining amount due on the Note and reasonable costs and attorneys fees incurred by the Bank.  *See Heidt v. Miller Heating & Air Conditioning Co.*, 74 Cal. Rptr. 695, 697 (Cal. Ct. App. 2d Dist. 1969) (remanding case for determination of reasonable attorneys fees).  The Court notes that pursuant to Rule E(5)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the parties may stipulate at any time for the release of the Boat.  In the absence of such stipulation, upon the Magistrate Judge's determination, the Bank may move for an order of final sale of the Boat.  *See* U.S. Dept. of Justice, *Manual for United States Marshals* § 6.3-17 (1986) (concerning sales of vessels).

**SO ORDERED.**                                        /signed/

                                                              FREDERIC BLOCK

Dated: Brooklyn, New York         Senior United States District Judge
       September 27, 2007