UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BANK OF THE WEST, as assignee of Ganis
Corporation,

      Plaintiff,      REPORT &
               RECOMMENDATION
 -against-        05-CV-6004 (FB)

M/V NEVER SAY NEVER, and SILLARO
SANTO,

      Defendants.
------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

 This case arises from the acceleration after default of a Note signed by Sillaro Santo, the owner of M/V Never Say Never (hereinafter, "the Boat"). The Honorable Frederic Block has entered summary judgment against the defendants and referred plaintiff's motion for attorney's fees and costs to me for a report and recommendation. Familiarity with Judge Block's Memorandum and Order is presumed.

 Once found to be in default, the Note provides that Santo is liable for the unpaid principal, earned interest, and other agreed charges. Am. Compl. Ex. A. Moreover, the Note provides for payment of "all reasonable costs . . . incur[red] to collect th[e] debt or realize on any security . . . includ[ing] . . . reasonable attorneys' fees." *Id.*

 In the supplemental affidavit of Steven Taitz in support of the motion for fees and costs[1],

---

[1] Plaintiff's Supplement Affidavit in Support of Motion to Determine Fees and Costs dated July 8, 2008, Docket Entry 69, will be cited as "Taitz Supp. Aff." During a telephone conference with the parties on June 26, 2008, I requested additional information and re-calculation of the fees sought. Accordingly, some of the amounts differ from the amounts originally sought in plaintiff's Motion for Determination of Fees and Costs, Docket Entry 65. The amounts are also higher because certain costs continue to accrue.

plaintiff seeks the following fees and costs, totaling $106,895.38:

| | |
|---|---|
| Unpaid Principal Balance | $13,127.39 |
| Interest due as of 7/11/08 | $2,212.83 |
| Repossession/transportation | $7,312.78 |
| Winterization/vessel storage (4/17/06-7/15/08) | $13,950.75 |
| Custody services/insurance (4/17/06-6/30/08) | $14,640.00 |
| Attorney's Fees | $48,095.00 |
| Abstract of Title | $25.00 |
| Marshal fees for insurance (as of 7/11/08) | $6,487.20 |
| Filing Fee | $250.00 |
| Service of process fees | $225.00 |
| Court copies | $22.50 |
| Federal Express | $40.00 |
| Publication fee | $436.49 |
| Court reporter fee | $47.94 |
| Judgment and tax lien search | $22.50 |

Defendants acknowledge that the balance of the principal due and owing is $13,127.39, and I therefore recommend that plaintiff be awarded this undisputed amount. Although plaintiff requests $2,212.83 in interest and provides a computer printout listing that amount, it fails to explain how the amount was calculated. Applying a simple interest rate of 9.99%, I calculate the interest owed to be $2,004.87.[2] Accordingly, I respectfully recommend that plaintiff be awarded $2,004.87 in interest.

As to the costs plaintiff seeks, plaintiff is entitled to recover all costs associated with collection of the debt pursuant to the Note. Plaintiff has provided sufficient documentation of the costs it has incurred to maintain the arrested vessel, and these costs are legally compensable. *See Morgan Guar. Trust Co. v. Hellenic Lines Ltd.*, 593 F. Supp. 1004, 1010 (S.D.N.Y. 1984)

---

[2] The daily interest (.0999/365) times the number of days (558 days in the period December 18, 2006 through July 11, 2008) times the principal ($13,127.39) yields a product of $2,004.87. Although the computer printout that plaintiff provided suggests the interest was compounded monthly, Taitz Supp. Aff. Ex. A, the Note states that only simple interest is due. Am. Compl. Ex. A.

("Services or property advanced to preserve and maintain the arrested vessel, furnished upon authority of the court, are allowable as *custodia legis* expenses.") (*citing N.Y. Dock Co. v. The Poznan*, 274 U.S. 117, 120-22, 47 S. Ct. 482, 484 (1927)); *Barwil Asca v. M/V Sava*, 44 F. Supp. 2d 484, 489 (E.D.N.Y. 1999) (same). Accordingly, plaintiff should be awarded these costs.

Several issues remain, however, concerning the amounts plaintiff seeks. First, I note that plaintiff seeks $13,950.75 for winterization, storage and related costs and cites to Exhibit C of the Taitz Supplemental Affidavit to support that amount. Taitz Supp. Aff. ¶ 8. I calculate a higher amount due based on Exhibit C, but inasmuch as defendant has been put on notice only of the lower amount plaintiff seeks, I recommend that the lower amount, $13,950.75, be awarded.[3]

Defendants argue that plaintiff's costs for storage should be reduced because the monthly storage fees charged are higher than what plaintiff originally stated they would be in its application for substitute custodianship. Def. Mem. 4-5.[4] In the affidavit of Bryan Braley dated November, 2007, Braley explains that the lower rate he provided in his earlier affidavit to be appointed substitute custodian was based on the rate that was quoted to him by the storage facility at that time. Braley Aff. ¶ 4.[5] He then states that the storage rate increased in January, 2006 and again in January, 2007, and that is the reason for the increased storage costs. *Id.* ¶ 6.

---

[3] For example, adding the amounts identified in the Lab Marine invoices as related to winterization and storage in Exhibit C yields a total of $20,256.27. If the individual Yachtsman Cove invoices are added, however, I calculate the total as $19,020.99. As noted above, *see supra* footnote 1, I already requested plaintiff clarify and re-calculate the amounts it seeks and I decline to do so again.

[4] "Def. Mem." refers to Defendants' Memorandum in Opposition to Plaintiff's Motion for Fees and Costs, Docket Entry 66.

[5] "Braley Aff." refers to the Affidavit of Substitute Custodian, Bryan Braley, submitted with plaintiff's Motion for Determination of Fees and Costs, Docket Entry 65.

Plaintiff was billed and paid the higher rates and is entitled to an award reflecting the actual storage costs incurred. Accordingly, no reduction is warranted and, as noted above, I respectfully recommend that plaintiff be awarded $13,950.75 in storage costs.

I decline to recommend awarding plaintiff the full costs it seeks due to insufficient validation of two of the amounts. More specifically, I calculate different amounts for the custody services/insurance and marshal fees than plaintiff does. First, with respect to the custodial and insurance fees, plaintiff requests $14,640.00 and cites to Exhibit D of the Taitz Supplemental Affidavit. Taitz Supp. Aff. ¶ 8. Exhibit D, however, identifies two amounts in two invoices that total $12,450.00. Accordingly, I respectfully recommend that plaintiff be awarded $12,450.00 in custody services/insurance. Second, plaintiff seeks $6,487.20 in marshal fees. In its original motion, plaintiff requested $3,392.20 and provided a copy of two checks it made payable to the U.S. Marshal totaling $5,000.00. Curtis Aff. Ex. D.[6] Plaintiff also states that the marshal fee is $5.00 per day. *Id.* ¶ 19. As the boat was arrested 848 days ago (March 17, 2006 through July 11, 2008), I calculate the fee as $4,240.00.[7] Nonetheless, I respectfully recommend awarding plaintiff $5,000.00 in marshal fees since it has documented that it expended that amount.

As for plaintiff's remaining costs, excluding attorney's fees discussed below, I recommend that plaintiff be awarded $1,069.43, the amount it seeks for various expenditures

---

[6] "Curtis Aff." refers to the Affidavit of April Curtis in Support of Fees and Costs, attached to plaintiff's Motion for Determination of Fees and Costs, Docket Entry 65.

[7] I note that, in his supplemental affidavit, Taitz calculates the marshal fee due for the period October 1, 2007 through July 11, 2008 as $3,095.00. This is a period of 285 days and thus the fee for this period should be $1,425.00. Plaintiff fails to explain how it calculates the amount it alleges is due for this period in particular or how it calculates the entire $6,487.20 it seeks.

including fees related to title, filing, service of process, and other administrative tasks. Plaintiff has provided documentation of these expenses and they are compensable, as noted above. In addition, with respect to plaintiff's costs for storage, insurance and marshal's fees, these costs continue to accrue until judgment and sale of the Boat. I therefore respectfully recommend that plaintiff be awarded $23.59 per day from July 11, 2008 until judgment for these continuing costs.[8]

Finally, with respect to attorney's fees, plaintiff asserts it has incurred $48,095 in attorney's fees, representing 173.95 hours billed by attorneys at rates ranging from $200 to $225 per hour and 17.95 hours billed by paralegals at the rate of $125 per hour. Defendants argue that plaintiff's attorney's fees are excessive.

In the Second Circuit, courts calculate a "presumptively reasonable fee" award, which is the product of the hours reasonably expended and a reasonable hourly rate.[9] *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182 (2d Cir. 2008); *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058 (2d Cir. 1989). In addition, all requests for attorney's fees in this Circuit must be accompanied by contemporaneous

---

[8] The following costs accrue each day: $3.59 in interest, Taitz Supp. Aff. ¶ 4, and $15.00 in custody services and $5.00 in marshal fees, Curtis Aff. ¶ 19.

[9] In *Arbor Hill*, the Second Circuit abandoned the term "lodestar" in determining a reasonable attorney's fee award. 522 F.3d at 190. In this case, however, the Note provides that California law governs any disputes arising from the Note. Am. Compl. Ex. A. Nonetheless, the calculation in California and New York is the same – the product of the hours reasonably expended multiplied by a reasonable hourly rate. *See, e.g.*, *PLCM Group v. Drexler*, 997 P.2d 511, 518 (Cal. 2000). In addition, once a reasonable amount has been determined, the court may adjust the award upward or downward. *Id.* Neither party here, however, seeks an adjustment.

time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Defendants here contend that the hours expended by plaintiff's counsel are unreasonable. Defendants base their argument primarily on the fact that their attorneys spent only 49.2 hours on this case. Def. Mem. 4. However,

> opposing parties do not always have the same responsibilities under the applicable rules, nor are they necessarily similarly situated with respect to their access to necessary facts, the need to do original legal research to make out their case, and so on. Comparison of the hours spent in particular tasks by the attorney for the party seeking fees and by the attorney for the opposing party, therefore, does not necessarily indicate whether the hours expended by the party seeking fees were excessive.

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001). Accordingly, I find that a comparison of the time spent by opposing counsel is not useful in determining a reasonable fee award in this case. Moreover, defendants fail to take into account that this case involved a show cause hearing and cross-motions for summary judgment. Plaintiff was successful on all of its motions. In addition, I note that plaintiff's counsel employed an associate at a lower rate for the bulk of the work on the motions. *See, e.g.*, Billing Entries for April, November, and December, 2006.[10] In addition, plaintiff's counsel exercised "billing judgment" in not charging for certain clerical tasks. *See, e.g.*, Billing Entries for Aug. 11, 15, 23, 2006; Nov. 13, 2006; Dec. 4, 2006. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983) (noting that counsel should exercise "billing judgment" and exclude excessive, redundant, or unnecessary

---

[10] Plaintiff's time records are Exhibit L of the Curtis Affidavit.

hours in its fee application). Finally, defendants do not point to any particular billing entries that they believe are unreasonable or excessive. I have reviewed plaintiff's time sheets and find the hours expended reasonable. Accordingly, I conclude that no reduction of hours is warranted.

As for counsel's rates, they are "are in line with those prevailing in the community for similar service by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 1547 (1984). *See, e.g.*, *Cheesecake Factory Assets Co. LLC v. Philadelphia Cheese Steak Factory Inc.*, 2008 WL 2510601, at *5 (E.D.N.Y. June 20, 2008) (finding that "recent case law in this circuit has not approved rates over $300 per hour for associates or $150 per hour for paralegals/clerks"); *Baruch v. Healthcare Receivable Mgmt., Inc.*, 2007 WL 3232090, at *5 (E.D.N.Y. Oct. 30, 2007) (noting that courts in the Eastern District of New York have awarded attorneys hourly rates ranging from $200 to $375). Moreover, defendants do not object to the rates. For all these reasons, I respectfully recommend that plaintiff be awarded the full amount in attorney's fees that it seeks, $48,095.

## Conclusion

For the reasons discussed above, I respectfully recommend that plaintiff be awarded the following amounts, for a total of $103,010.22:

| | |
|---|---|
| Unpaid Principal Balance | $13,127.39 |
| Interest | $2,004.87 |
| Repossession/transportation | $7,312.78 |
| Winterization/vessel storage | $13,950.75 |
| Custody services/insurance | $12,450.00 |
| Marshal fees for insurance | $5,000.00 |
| Costs | $1,069.43 |
| Attorney's Fees | $48,095.00 |

In addition, I recommend that plaintiff be awarded $23.59 per day from July 11, 2008 until

judgment for costs that continue to accrue (interest, custody services and insurance, and marshal fees).

Any objections to the recommendations made in this Report must be filed within ten days of this Report and Recommendation and, in any event, on or before August 5, 2008. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

                         /s/
                      **Steven M. Gold**
                      **United States Magistrate Judge**

**July 22, 2008**
**Brooklyn, New York**